# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA          DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 05 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Teklemariam Kinfe
(Print your full name)

                    Plaintiff *pro se*,


        v.


Canon Business Process Services, Inc.

_____

_____

(Print full name of each defendant; an
employer is usually the defendant)

                    Defendant(s).

CIVIL ACTION FILE NO.

1 18-CV-4351

        (to be assigned by Clerk)


## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.  This employment discrimination lawsuit is brought under (check only those
    that apply):

    ✓          Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et
               seq., for employment discrimination on the basis of race, color,
               religion, sex, or national origin, or retaliation for exercising rights
               under this statute.

               **NOTE**: To sue under Title VII, you generally must have
               received a notice of right-to-sue letter from the Equal
               Employment Opportunity Commission ("EEOC").

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§
621 et seq., for employment discrimination against persons age 40
and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in
> Employment Act, you generally must first file a charge of
> discrimination with the EEOC.

_____   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et
seq., for employment discrimination on the basis of disability, or
retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act,
> you generally must have received a notice of right-to-sue
> letter from the EEOC.

_____   Other (describe) _____

_____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed
statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.  Plaintiff.    Print your full name and mailing address below:

Name        Teklemariam Kinfe

Address     P.O.Box 93893

            Atlanta, GA 30377

4.  Defendant(s).    Print below the name and address of each defendant listed on page 1 of this form:

Name        Canon Business Process Services, Inc.

Address     261 Madison Avenue, 3rd Floor

            New York, NY 10016


Name

Address



Name

Address


## Location and Time

5.  If the alleged discriminatory conduct occurred at a location different from the address provided for defendant(s), state where that discrimination occurred:

Equifax, 1505 Windward Concourse

Alpharetta, GA 30005

6.   When did the alleged discrimination occur?  (State date or time period)

   2015 to July 20, 2017.

### Administrative Procedures

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?        ✓  Yes           _____ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

   ✓  Yes           _____ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: 6/25/2018

9.   If you are suing for **age discrimination**, check one of the following:

   _____        60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   _____        Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          __✓__ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes          _____ No          __✓__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## Nature of the Case

12.   The conduct complained about in this lawsuit involves (check only those that apply):

|  |  |
|---|---|
| _____ | failure to hire me |
| ✓ | failure to promote me |
| _____ | demotion |
| _____ | reduction in my wages |
| _____ | working under terms and conditions of employment that differed from similarly situated employees |
| ✓ | harassment |
| ✓ | retaliation |
| ✓ | termination of my employment |
| | failure to accommodate my disability |
| ✓ | other (please specify) I was illegally discharged from my job in blatant |

RETALIATION just one day after my blistering protest letter to HR; and
six weeks after I filed an EEOC formal discrimination charge.

13.   I believe that I was discriminated against because of (check only those that apply):

|  |  |
|---|---|
| ✓ | my race or color, which is black _____ |
| _____ | my religion, which is _____ |
| _____ | my sex (gender), which is ____ male ____ female |
| ✓ | my national origin, which is Ethiopian _____ |
| _____ | my age (my date of birth is _____) |
| _____ | my disability or perceived disability, which is: |

_____

| ✓ | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
|---|---|

| ✓ | other (please specify) I was also squarely targeted; that is, falsely |
|---|---|

accused, character assassinated and defamed for doing nothing wrong.

14.   Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

Please refer to my detailed complaint on the attached pages, 1 to 14.

Thank you.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff _____ still works for defendant(s)

    ✓ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? \_\_\_\_\_ Yes \_\_\_\_\_ No

    If you checked "Yes," please explain: _____

    _____

    _____

    _____

    _____

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial? ✓ Yes \_\_\_\_\_ No

### **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

✓ Defendant(s) be directed to <u>a jury trial</u> _____

_____

✓ Money damages (list amounts) <u>$200,000 (Two hundred thousand</u> <u>US dollars).</u>

✓ Costs and fees involved in litigating this case

✓ Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __17th__ day of ____September_____, 20_18_____

_____
(Signature of plaintiff *pro se*)

_Teklemariam Kinfe_____
(Printed name of plaintiff *pro se*)

_P.O.BOX 93893_____
(street address)

_Atlanta, GA 30377_____
(City, State, and zip code)

_kinfester@gmail.com_____
(email address)

_678-592-9508_____
(telephone number)

## COMPLAINT AND JURY DEMAND

I, the Plaintiff, Teklemariam Kinfe, hereby complain against my former employer, Defendant Canon Business Process Services, Inc. (herein referred to as CBPS, Inc.) as follows:

## STATEMENT OF CLAIM

This is an action to vindicate violations of my civil rights and to redress the unlawful and discriminatory conduct and employment practices of Defendant Canon Business Process Services, Inc. This action arises out of the illegal and wrongful discharge of my employment, inter alia, that I was terminated from my employment based, in whole or in part, upon my national origin and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec 2000e et seq and Sec 1981; for declaratory relief based on the discriminatory and RETALIATORY employment practices of CBPS, Inc. against and towards me.

## PARTIES

1. I, the Plaintiff, Teklemariam Kinfe, is originally from Ethiopia and I am a naturalized 58 years old adult black male citizen of the United States of America. I am a resident of the State of Georgia and I live in Atlanta, GA (Fulton County) and my jurisdiction is subject to this court.

2. Defendant, Canon Business Process Services, Inc., (CBPS, Inc.), is my former employer and business entity headquartered in New York, NY with many operations throughout the United States and beyond. The local CBPS, Inc's branch business office that I worked for is located at:

   Canon Business Process Services, Inc.
   100 Colony Square, Suite 860
   Atlanta, GA 30361

## JURISDICTION AND VENUE

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec 2000e et seq and Sec 1981 which prohibit discrimination based on race and national origin and proscribes retaliatory acts for filing discrimination complaints or opposing practices made unlawful under this section. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of my civil rights secured, guaranteed and

protected by federal law; and this Court has subject matter jurisdiction over this case under the above listed statutes.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

I, the Plaintiff, Teklemariam Kinfe, have exhausted my administrative remedies in accordance with the laws of this great country of justice; that I had filed an administrative EEOC formal discrimination charge against Defendant, CBPS, Inc.

3. I filed an original EEOC formal discrimination charge against Defendant CBPS, Inc. on June 8, 2017 followed by an amended version of an EEOC discrimination charge on August 31, 2017; after the Defendant's adverse retaliatory action against me -- asserting that my employment termination was merely motivated by illegal discrimination based on my national origin, my race and a blatant RETALIATION against my firm opposition to the site manager, Mr. Andre Allen's discriminatory practice in the workplace that I repeatedly addressed in writing and in person to the local HR office and CBPS, Inc's senior management for more than two years beginning in 2015.

4. More than 365 days (one solid year) has passed since the filing of my formal discrimination charge with the EEOC on June 8, 2017; with no final verdict having been issued nor any voluntary resolution or settlement achieved.

## ALLEGATIONS GIVING RISE TO MY CAUSE OF ACTION

5. I, Plaintiff Teklemariam Kinfe, was hired by Defendant CBPS, Inc, on April 10, 2013 as a high speed Opex scanner machine operator and I worked for the Defendant for more than four years.

6. At all relevant times, Defendant CBPS, Inc., employed more than fifteen (15) employees for at least twenty (20) calendar weeks at its Equifax/CBPS Inc. business site in Alpharetta, GA.

7. At all relevant times and until my unjustified employment termination on July 20, 2017, I, Plaintiff Teklemariam Kinfe, have performed my assigned duties, daily tasks and functional obligations effectively and accordingly fulfilling and exceeding Defendant CBPS, Inc's employee job performance standards and expected goals.

8. Contrary to Defendant CBPS, Inc.'s allegations about my job performance record in its tainted Position Statement, I have consistently satisfied and/or exceeded all the requirements and responsibilities of my position during my whole employment period.

9. Despite Defendant CBPS Inc.'s outrageous claims and intentional lies to discredit my good standing and reputation in its falsified Position Statement that it submitted to the EEOC on August 21, 2017, my job performance record, conduct and excellent work ethic is glaringly illustrated by the annual employee performance reviews of 2013, 2014, 2015 and 2016 that the Defendant officially rendered me in writing; including award of certificate for outstanding job performance, individual contribution and productivity.

10. Moreover, I have also a certificate of employee appreciation from the Defendant CBPS, Inc's business client, Equifax as well. That is why Defendant CBPS, Inc. kept me for more than four years as one of its best employees it hired.

11. I, Plaintiff Teklemariam Kinfe, have vehemently denied any wrong doings and false accusations made by the site manager, Mr. Andre Allen; or Defendant CBPS, Inc.

12. And as a result, I have firmly declined to sign any alleged counselling write-ups authored by Mr. Allen; because the meritless write-ups were deliberate fabrications and PRETEXTS created to purposely tarnish and discredit my reputation aimed at hurting my stellar employee performance record and conduct.

13. The only counselling write-up I have partially agreed to and signed is the verbal warning of 2/25/2014. This minor incident was before the arrival of Mr. Andre Allen as a site manager to the Equifax/CBPS, Inc. business site in Alpharetta, GA.

14. At all relevant times, I, Plaintiff Teklemariam Kinfe, have vehemently disputed all allegations of misconduct and fake accusations made by Defendant, CBPS, Inc.

15. Since I, the Plaintiff, Teklemariam Kinfe, started to vigorously fight for my protected employee rights in early 2015 opposing Mr. Andre Allen's discriminatory behavior in the workplace, Mr. Allen has been squarely targeting me and abusing his managerial power to attack, falsely accuse and victimize me in every possible way he can. And I have reported such false accusations and unprofessional discriminatory treatments to HR.

16. Having been aware of my repeated discrimination complaints, Defendant CBPS, Inc. never took any kind of corrective measure to resolve or halt the continued discriminatory misconduct of Mr. Andre Allen against me in the workplace.

17. In PRETEXT and contrary to the facts of illegal discrimination incidents that happened against me on the job, I was told by the HR office in writing that there was no evidence to corroborate my discrimination and retaliation complaints.

18. The reason given for my discharge is a mere pure PRETEXT for unlawful discrimination as Defendant CBPS, Inc. knew or should have known that Mr. Andre Allen's accusations were uncreditable, suspect and uncorroborated.

19. And due to Defendant's utter negligence, my protected employee rights have been breached and violated repeatedly.

20. Defendant CBPS, Inc. breached its duty of care owed to me by failing to properly and adequately train its managerial and supervisory employees at its Equifax business site.

21. I was eventually subjected to workplace gross harassment, intimidation and defamation in 2017.

22. Due to Defendant's unfair employment policies and practices in the workplace, I was unjustly and discriminatorily deprived of equal employment opportunities because of my national origin and race.

23. Defendant, CBPS, Inc. engaged in discriminatory employment practices with malice and reckless indifference to my federally protected employee rights. I am thus entitled to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and Sec 1981.

## FIRST CAUSE OF ACTION

Defendant CBPS, Inc's Violation of Title VII's Prohibition Against National Origin and Race-based Employment Discrimination in the workplace;

24. During my employment with Defendant CBPS, Inc, I, Plaintiff Teklemariam Kinfe, was a member of a class protected under Title VII against employment discrimination by Defendant's associated managerial and supervisory personnel at the Equifax business site.

25. On November 17, 2014, a job opening entitled Quality Assurance Specialist position was posted internally for all qualified CBPS, Inc. employees at the Equifax/CBPS, Inc business site in Alpharetta, GA where I worked for more than four years.

26. As the most senior and qualified employee, I applied for the Quality Assurance Specialist position on November 23, 2014.

27. However, the Quality Assurance Specialist position's title was somehow later changed to a site supervisory position and the site supervisory role promotion was offered to a less senior and new younger female employee, named Ms. Tamae Solomon by the Site Manager, Mr. Andre Allen. Ms. Tamae Solomon no longer works for Defendant CBPS, Inc.

28. Despite being the most senior and qualified employee on the job with hands-on experience and education, I was denied job promotion and never given an iota of a fair chance to compete for the site supervisory position by the Site Manager, Mr. Andre Allen.

29. And in so doing, Mr. Andre Allen and/or Defendant CBPS, Inc. breached its own standard protocol of employee job promotion policy from within as clearly declared in its employee handbook.

30. Defendant, CBPS, Inc. knew about the discriminatory conduct I have repeatedly complained and addressed in person and in writing referencing this discriminatory job promotion incident.

31. Against the standard protocol of employee job promotion policies and procedures of Defendant CBPS, Inc., the site manager, Mr. Andre Allen, favored and preferentially promoted non-senior and new Caucasian employees such as Ms. Julia Teeple, Mr. Kevin Carvatt and Ms. Sylvia Murry whom I partially trained on the job.

32. Therefore, the Defendant's actions towards me as set forth herein in my complainant, are evidence of a pattern of race and national origin discrimination which further constitutes extreme and outrageous conduct against the non-discriminatory fair employment laws of this great land.

33. As declared in its employee handbook, Defendant CBPS, Inc. did not uphold the laws on equal employment opportunity, non-discrimination and harassment policies in the workplace and Defendant violated my protected employee rights.

34. The site manager, Mr. Andre Allen, treated me preferentially and differently. Mr. Andre Allen promoted and favored non-immigrant and Caucasian employees than I am. And my two applications that I submitted at two different occasions for internal job promotion were thrown to the trash bin.

35. Defendant CBPS, Inc. was aware of my repeated discrimination complaints, and Mr. Allen's discriminatory behavior against me violated the federal laws on fair and equal employment opportunities in the workplace.

36. Defendant CBPS, Inc, did not uphold and practice the laws on equal employment opportunity, non-discrimination and harassment in the workplace; Defendant denied me equal employment and job promotion opportunities because of my national origin.

37. Having been aware of the hostile work environment, Defendant CBPS, Inc. was very negligent to not train or take a corrective measure on its lower

managerial and supervisory personnel at the Equifax business site in Alpharetta, GA.

38. Defendant CBPS, Inc. was aware of my grave complaints and Defendant did not rightfully implement and practice the laws of equal employment opportunity, non-discrimination and harassment policies at the Equifax/CBPS, Inc. business site.

39. Defendant covertly and overtly discriminated me against my race and national origin.

40. Senior CBPS, Inc. management were aware of my grave discrimination complaint of September 2, 2016 that I addressed in writing. Therefore, Defendant CBPS, Inc. is liable for its negligence in violating my civil rights. Mr. Andre Allen has repeatedly violated my rights to be free from discrimination in the workplace.

41. Defendant CBPS, Inc. never took any disciplinary action to correct the discriminatory and retaliatory conduct of its lower managerial staff such as Mr. Andre Allen at the Equifax/CBPS, Inc. business site in Alpharetta, GA. Defendant CBPS, Inc is thus responsible for the unlawful discriminatory misconduct and damage it has inflicted upon me.

42. On 9/3/2015, for the months of June and July 2015, the site manager, Mr. Andre Allen, issued me a completely erroneous and distorted bi-monthly employee Job Performance Report in a bar graph form.

43. And on Friday, Sept 18, 2015, I submitted a detailed letter via email and proved Mr. Allen wrong literally and figuratively through logical data analysis; that his bar graph report did not reflect my true production output, attendance history, or my job performance record in general.

44. And as a site manager, Mr. Andre Allen has never given me any professional answer or feedback to my complaint letter of Friday, Sept 18, 2015.

45. In 2015 three other former employees have jointly filed a discrimination complaint to senior CBPS, Inc. management to get deaf ears and blind eyes.

46. On Sept 2, 2016, I emailed 5 pages long follow-up complaint letter to an investigative panel of three senior CBPS Inc. management officials who came to Atlanta at the end of August 2016 to investigate and hear employees' grave concerns and grievances at work.

47. On 01-22-2016 and for the year 2015, I submitted a discrimination complaint input online within the body of the annual employee performance report under the employee's comment input field. Defendant CBPS, Inc. was aware of my grave discrimination complaints, but again, my burning issues and employee concerns that I addressed were never resolved by the Defendant.

48. In January 2017 and for the year 2016, I submitted a discrimination complaint input online within the body of the annual employee performance report; under the employee's comment input field. Defendant CBPS, Inc. was aware of my grave discrimination complaints, but again, my burning issues and employee concerns that I addressed were never resolved by the Defendant.

49. To get away and be free from Mr. Andre Allen's hostile work environment and discriminatory practice at the Equifax/CBPS, Inc. business site, I have requested Defendant CBPS, Inc in writing on Friday, September 2, 2016 for a possible transfer to work at another CBPS business location, but again, nothing was done and my sincere request for a job transfer did not materialize to the Defendant at all.

50. Instead, I was subjected to workplace gross harassment and intimidation, defamation and character assassination of my reputation in 2017. Defendant CBPS. Inc. was negligent in ignoring my request for a job transfer and violated my rights to be free from discrimination to work in a non-hostile work environment.

51. In 2016, and for the second time around, I have been asked by the site Manager, Mr. Andre Allen, to submit a copy of my resume in the presence of his immediate boss Mr. Bryan Wilson, the Enterprise Operations Manager, but although I submitted a copy of my resume for the 2nd time,

nothing positive came out of that. And to this day, I honestly don't really understand why I was asked to submit a copy of my resume for the 2nd time.

52. On December 8, 2016, I applied for an internally advertised site supervisory position for the 2nd time. However, I have been let down again and retaliated by Mr. Andre Allen from being promoted for the second time around.

53. Mr. Allen retaliated against me from being promoted not because I lacked the skills set to do the job done, but it was due to the pure fact that since 2015, I firmly opposed his discriminatory behavior and preferential treatment towards me in the workplace. And Defendant CBPS, Inc. was aware of my unresolved serious complaints at work.

54. I was the most senior employee at work as refers date of hire and length of service, educational background, work experience and the skills set required to do the site supervisory position competitively and professionally.

55. However, Mr. Allen discriminated me against my national origin, and in January 2017, the site supervisory job promotion position was offered to Mr. Kevin Carvatt, a relatively new and less senior Caucasian employee.

56. In fact, I was covertly and systematically denied an internal job promotion for the 2nd time.

57. And since I had enough injustice done against me by the site manager, Mr. Allen, I finally filed an EEOC formal discrimination charge against Defendant CBPS, Inc. on June 8, 2017.

58. On March 20, 2017, I emailed a copy of the Sept 18, 2015 complaint letter to Mr. Bryan Wilson, Mr. Andre Allen's immediate boss and CBPS, Inc's Enterprise Operations Manager. I also explained to Mr. Wilson the reason why I disputed and declined to sign a fake write-up authored by the site manager, Mr. Andre Allen.

## SECOND CAUSE OF ACTION

Defendant CBPS, Inc's Violation of Title VII's Equal Employment Opportunity, Non-discrimination and Harassment Laws in the Workplace;

59. While I was diligently performing my assigned work, I, Plaintiff Teklemariam Kinfe, have been harassed twice in a month for no apparent reason.

60. I have immediately addressed in writing to HR about the gross harassment and intimidation that happened against me for no apparent reason by a newly appointed site supervisor, Mr. Kevin Carvatt on April 29, 2017.

61. Mr. Carvatt has also previously harassed another former employee to later apologize for his wronged behavior to the whole second shift scheduled employees.

62. In fact, while I was discharged illegally, Defendant CBPS, Inc. did not discharge Mr. Kevin Carvatt, a similarly situated white supervisor who grossly harassed two different employees in the workplace at two different times.

63. I was grossly harassed by Mr. Carvatt and Defendant CBPS, Inc. violated the Non-discrimination and harassment laws in the workplace. My rights to work freely were breached and violated by Defendant CBPS, Inc.

## THIRD CAUSE OF ACTION

Defendant CBPS, Inc's Disparate Treatment – Oral defamatory statements against my reputation in the workplace;

64. On Sunday, June 11, 2017, I have addressed to HR in writing the oral defamatory statements and outright lies made against my reputation by Ms. Sylvia Murry and this reckless behavior by Ms. Murry constituted slander per se.

65. Ms. Murry is a white employee and I, Plaintiff Teklemariam Kinfe, is an immigrant employee citizen of color.

66. My grave complaint of June 11, 2017 was completely ignored by HR and no resolution or feedback to my grievances regarding this improperly motivated oral defamation was made at all by HR/Defendant CBPS, Inc.

67. My complaint in writing about my character assassination and defamation by Ms. Murry was not accepted and investigated by the HR office while Ms. Sylvia Murry's naked lies against me behind my back were favored and recognized one month after I filed the defamation complaint.

68. While Defendant CBPS, Inc. recognized Ms. Murry's naked lies against me, it. never questioned Ms. Murry on the defamation complaint I addressed to HR On Sunday, June 11, 2017.

69. Defendant CBPS, Inc. never answered the challenging questions I addressed about Ms. Murry's extreme motive and outrageous lies; and unlike Ms. Murry, Defendant CBPS, Inc. treated me differently, unfavorably and unequally.

70. No administrative action was taken by Defendant, CBPS, Inc. to discipline or discharge Ms. Murry. In fact, and the irony is, Ms. Sylvia Murry, a white employee who defamed me for nothing, was promoted after I was unlawfully discharged from my employment.

71. Defendant CBPS, Inc. violated my employee rights and concerns on the job; to be heard equally and fairly without any racial bias, preferential treatment and discrimination.

72. Ms. Murry is a very close friend of the Site Supervisor, Mr. Kevin Carvatt. Ms. Murry is also a close friend to the Assistant Site Manager, Ms. Julia Teeple, who got promoted to be Mr. Allen's assistant site manager.

73. Ms. Julia Teeple got promoted from a non-exempt hourly wage employee position to an exempt employee through a non-transparent way by Mr. Andre Allen, the site manager.

74. In fact, had it not been for the site manager, Mr. Andre Allen's illegal discriminatory practice, I was the most senior and most qualified than any of the above-mentioned promoted white employees and I ought to have been primarily given a fair shot and chance for a job promotion from within.

75.I was discriminated by Defendant CBPS, Inc. against my national origin and race.

## FOURTH CAUSE OF ACTION

Defendant CBPS, Inc's Violation of Title VII's Prohibition Against Retaliation in the Workplace;

76.In June 2017, during a teleconferencing event, the local Human Resources Generalist, Ms. Thrisa Powells, warned me over the phone simply because I just happened to disagree with her judgment call regarding my grave complaints of discrimination at work.

77.On July 19, 2017, I wrote a very strong and heavy worded PROTEST and complaint letter to HR/Defendant CBPS, Inc. for being squarely targeted and discriminated in a hostile work environment.

78.And in blatant RETALIATION, my employment was illegally terminated on July 20, 2017 by Defendant CBPS, Inc -- **just one day after** my blistering protest letter to the HR office; and **six weeks after** I filed an EEOC formal discrimination charge.

79.To save face, and in utter disregard to the mandated federal employment laws granted to the EEOC, Defendant CBPS, Inc. has intentionally lied to mislead the EEOC's investigation on my case in its falsified and unbelievably twisted Position Statement dated August 21, 2017.

80.To save face, and in contradiction to its signed record of documents it rendered me, Defendant CBPS, Inc. has outrageously, disgracefully and intentionally lied to the EEOC about my excellent employee performance record, my reputation and conduct at work.

81.In fact, in my detailed February 11, 2018 blistering 10 pages long Rebuttal Letter to Defendant CBPS. Inc's distorted Position Statement of August 21, 2017, I have proved Defendant CBPS, Inc's assertions and allegations completely wrong based on evidentiary supporting documents and undeniable facts that I provided to the EEOC.

82. In plain PRETEXTS, Defendant CBPS. Inc. has lamely attempted to tarnish my credibility.

83. Defendant CBPS, Inc. has utterly and literally lied to the EEOC about my outstanding job performance record, my character and work ethic.

84. While my timecard was always recorded accordingly, Defendant CBPS, Inc. has covertly intimated me electronically for almost two years by sending unnecessary weekly emails.

85. The scare tactic of email intimidation by the Defendant was meant to instill psychological fear in me and make me think and worry about my pay check.

86. I was the only employee who was sent such unwanted emails and this incident begun after I started to repeatedly complain about the wrong discriminatory behavior of the site manager, Mr. Andre Allen, and after I kept sending and writing discrimination complaints to the HR office and senior CBPS, Inc management.

87. No other former employee who worked at the Equifax/CBPS, Inc. business site was sent such garbage and intimidating weekly emails at all. It was just me only.

88. I, Plaintiff Teklemariam Kinfe, incorporate by reference all allegations set forth and in the preceding paragraphs of my Complaint stated herein.

## PRAYER FOR RELIEF

To cure the conduct alleged in this action, I, Plaintiff Teklemariam Kinfe, respectfully request this Court to:

A. A declaratory judgment that Defendant, CBPS, Inc. has violated my right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec 2000e et seq. Sec 1981; that the Defendant's irresponsible and unlawful actions in this complaint constitute discriminatory and retaliatory practices taken against me because of my race and national origin.

B. Award Plaintiff Teklemariam Kinfe for compensatory damages in amount to be determined at trial for past and future economic and non-economic losses, including emotional and mental anguish, loss of reputation, suffering, shame, humiliation, consequential inconveniences and impairment of quality of life;

C. Enter an injunction ordering Defendant CBPS, Inc. to provide Plaintiff Teklemariam Kinfe, full back pay to a position I would have obtained in the absence of discrimination and retaliation;

D. Award Plaintiff Teklemariam Kinfe, applicable interest on any awards at the highest rate allowed by law;

E. Order Defendant CBPS, Inc., to remove the site manager, Mr. Andre Allen, who is responsible for the unlawful discriminatory and retaliatory adverse actions against me from any position which may enable him to victimize, discriminate and retaliate against other employee in the workplace; and,

F. Such other and further relief as this Court deems just and appropriate.

I, PLAINTIFF TEKLEMARIAM KINFE, SINCERELY REQUEST COURT FOR TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW.

Respectfully submitted this 17th day of September 2018.

Teklemariam Kinfe -- *Pro Se* Plaintiff
P. O. Box 93893
Atlanta, GA 30377
Tel: 678-592-9508
kinfester@gmail.com