IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TEKLEMARIAM KINFE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-CV-4351 |
| v. | ) | |
| | ) | |
| CANON BUSINESS | ) | |
| PROCESS SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant Canon Business Process Services, Inc. ("Canon" or "Defendant"), by and through undersigned counsel, respectfully submits this Motion For More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).  Canon's memorandum of law in support of this Motion is incorporated herein.

### ARGUMENT AND CITATION OF AUTHORITY

**I.      LEGAL STANDARD**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  While the requirements of pleading under the Federal Rules are "liberal," and a litigant need

not "allege a specific fact to cover every element or allege with precision each element of a claim," *see Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), a pleader must at least provide his opponent with "fair notice of what [his] claim is and the grounds upon which it rests."  *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005).  Federal Rule of Civil Procedure 10(b) requires that a plaintiff state in a separate count each claim founded on a separate transaction or occurrence.  Fed. R. Civ. P. 10(b).  Complaints that do not comply with these rules "present an unfair burden on a defendant" and "require a more definite statement of the complaint."  *Clark v. Governor's Office of Children and Families Office of Planning and Budget of the State of Georgia*, No. 1:13-cv-1233-TWT, 2013 WL 4718371, at *3 (N.D. Ga. Sept. 3, 2013).  *See also Wood v. Fla. Atl. Univ. Bd. of Trustees*, No. 08-80656 CIV-MIDDLEBROOKS/JOHNSON, 2008 WL 11333320, at *1 (S.D. Fla. Oct. 24, 2008) ("Although the Federal Rules of Civil Procedure are to be construed liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings.").

> II. **PLAINTIFF HAS FAILED TO ADEQUATELY IDENTIFY THE CLAIMS UPON WHICH HE BASES HIS COMPLAINT.**

In this case, the Court should order that Plaintiff provide a more definite statement of his claims because Plaintiff has failed to adequately identify the claims upon which he bases his Complaint [D.E. 4] such that Canon can form an adequate

response.  Although Plaintiff vaguely refers to the various counts of his complaint as related to discrimination, retaliation, and/or harassment, Plaintiff fails to specifically articulate the statutory violation that forms the basis of each count and the specific claim he is asserting against Canon under each count.

As an initial matter, in the "Statement of Claim" section of his Complaint, Plaintiff states that he was "terminated from [his] employment based, in whole or in part, upon [his] national origin and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec 2000e et seq and Sec 1981."  [D.E. 4, p.10] Plaintiff again references a 42 U.S.C. § 1981 ("Section 1981") claim in the "Jurisdiction and Venue" section of his complaint.  *See id.*  However, **none** of the four vaguely articulated "Causes of Action" in Plaintiff's Complaint reference a claim for discrimination in violation of Section 1981.  Thus, it is unclear to Canon as to whether Plaintiff is asserting a Section 1981 claim against it (or not), and Plaintiff should be required to provide a more definite statement of his claims. *See, e.g., Clark*, 2013 WL 4718371, at *5 (ordering more definite statement when plaintiff's amended complaint referred to Title VII and alleged facts applicable to a potential Title VII claim, but plaintiff's amended complaint did not include counts asserting discrimination, harassment, or retaliation in violation of Title VII).

The "Cause of Action" sections of Plaintiff's Complaint evince further ambiguity surrounding the identity of the claims Plaintiff is pursuing against Canon. Rather than specifically identifying the statutory claim associated with each count of his Complaint, Plaintiff appears to commingle allegations of general misconduct into various "Causes of Action." Plaintiff identifies those "Causes of Action" as follows:

- "First Cause of Action- Defendant [Canon's] Violation of Title VII's Prohibition Against National Origin and Race-based Employment Discrimination in the workplace." [D.E. 4, p. 14]

- "Second Cause of Action – Defendant [Canon's] Violation of Title VII's Equal Employment Opportunity, Non-discrimination and Harassment Laws in the Workplace." [D.E. 4, p. 18]

- "Third Cause of Action – Defendant [Canon's] Disparate Treatment – Oral defamatory statements against my reputation in the workplace." [D.E. 4, p. 19]

- "Fourth Cause of Action – Defendant [Canon's] Violation of Title VII's Prohibition Against Retaliation in the Workplace." [D.E. 4, p. 21]

Although through a strained reading of Plaintiff's Complaint, the Court may surmise that the "First Cause of Action" and "Fourth Cause of Action" attempt to allege a claim for race and national origin discrimination under Title VII and retaliation under Title VII, respectively, it is unclear as to the basis for Plaintiff's "Second Cause of Action" and "Third Cause of Action."

Plaintiff's "Second Cause of Action" and "Third Cause of Action" appear to compound claims for race or national origin discrimination, harassment, and defamation, and it is unclear which allegations of these undefined "Causes of Action" are directed to violations of statute or common law.  Under analogous circumstances, courts have ordered a more definite statement when the defendant submitted that it was "unable to determine which allegations of the Complaint [were] directed to which violations of statute or common law, and it [was] unable to determine what facts constitute[d] a violation of which law."  *See, e.g., Wood*, 2008 WL 11333320, at * 1.  *See also Byrne v. Ala. Alcoholic Beverage Control Bd.*, No. 2:06-cv-1084-WKW, 2008 WL 694718, at * 1 (M.D. Ala. Mar. 12, 2008) (granting motion for more definite statement when plaintiff appeared to have alleged several violations of federal statute in one count of complaint) ("The Eleventh Circuit has recently cautioned district courts and parties that a complaint with 'untold causes of action . . . all bunched together in one count [is] contrary to the requirements of Federal Rule [] of Civil Procedure 10(b).'"); *Satterfield v. Bd. of Trs. of Univ. of Ala.*, No. 2:15-cv-1549-KOB, 2016 WL 6916828, at *3-4 (N.D. Ala. Feb. 26, 2016) (granting motion for more definite statement when plaintiff's complaint contained a "causes of action heading," but did not contain subheadings or a listing of individual

counts identifying which specific causes of action plaintiff asserted pursuant to Title VII).

"Where, as here, a plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that [Canon] will be able to discern what the plaintiff is claiming and frame a responsive pleading." *Wood*, 2008 WL 11333320, at *2.  Indeed, "a more definite statement relieves a trial judge of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Id.*  Accordingly, Plaintiff should be required to make a more definite statement of his claims.

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that the Court grant its Motion For More Definite Statement.

Respectfully submitted this 18th day of October, 2018.

>*/s/ Mellori E. Lumpkin-Dawson*
>Ernest L. Greer
>Georgia Bar No. 309180
>greere@gtlaw.com
>Mellori E. Lumpkin-Dawson
>Georgia Bar No. 358937
>lumpkindawsonm@gtlaw.com

> GREENBERG TRAURIG, LLP
> Terminus 200
> 3333 Piedmont Road, NE, Suite 2500
> Atlanta, Georgia 30305
> Telephone: (678) 553-2100
> Facsimile: (678) 553-2212
>
> *Attorneys for Canon Business Process Services, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C**

I HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by the Court in L.R. 5.1C.

> */s/ Mellori E. Lumpkin-Dawson*
> Counsel for Canon Business Process Services, Inc.

7

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TEKLEMARIAM KINFE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:18-CV-4351** |
| **v.** | ) | |
| | ) | |
| **CANON BUSINESS** | ) | |
| **PROCESS SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy via Notice of Electronic Filing generated by CM/ECF to the Plaintiff:

> Teklemariam Kinfe
> PO Box 93893
> Atlanta, GA 30377

This 18th day of October 2018.

> */s/ Mellori E. Lumpkin-Dawson*
> Counsel for Defendant

*ATL 23064632v1*